NUMBER 13-06-00377-CV


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ROSA HERNANDEZ, Appellant,


v.


CITY OF MCALLEN, Appellee.

 


On appeal from the 92nd District Court of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez



 Appellant, Rosa Hernandez, challenges the trial court's dismissal of her lawsuit
against appellee, the City of McAllen ("the City"). We affirm.

I. Background 



 Appellant sued the City, alleging theories of premises defect and special defect. 
Appellant's claims arose from injuries sustained when she stepped onto a concrete
drainage box cover, which gave way, causing her to fall into the drainage box. In February
2004, the City filed a plea to the jurisdiction, contending that it was entitled to sovereign
immunity because the City's alleged negligent acts concerning the design and construction
of the drainage box cover are discretionary acts. (1) The trial court denied the City's plea. 
The City appealed; this Court sustained the City's issue and reversed and remanded,
holding that the City's immunity had not been waived because the design of the drainage
box and the implementation of drainage cover were discretionary acts. (2) On remand, the
City filed a motion to dismiss, noting that this Court's opinion was dispositive and the Texas
Supreme Court had denied review. 

 Hernandez filed an amended petition, in which she attempted to recharacterize her
claims as negligent implementation of the City's policy and negligent maintenance of the
drainage box cover. At a hearing on the motion to dismiss, the City argued that this Court's 
prior opinion is dispositive of Hernandez's claims because it held that implementation of
the drainage box cover was also a discretionary act. (3) On March 30, 2006, the trial court
granted the City's motion to dismiss. This appeal ensued.

II. Discussion 


 Hernandez contends the trial court erred in dismissing her case because it failed to
distinguish between discretionary actions taken at the policy-making level and actions
taken in the implementation of policy. In its brief, the City argues:

 There is nothing new in this appeal except for the Plaintiff/Appellant's
attempt to recharacterize the cause of action into a "negligent
implementation of policy" cause of action. . . .


 The true nature of Plaintiff/Appellant's appeal is to ask the new panel
of this Court to find that the prior panel of Justices who decided this case
was wrong. Her arguments have already been considered by this Court, and
this Court has already held that Mr. Tabor's[ (4)] decision to redesign that
particular inlet was a discretionary act, and that his redesign of the lid was
also a discretionary act. The Plaintiff/Appellant just will not accept this
Court's decision. 


 In this Court's prior opinion, we stated:

Whether an act is discretionary is a question of law. Under section 101.056,
claims based on the performance or nonperformance of an act left to the
discretion of the governmental unit are exempted from the waiver of
immunity under the Act. An act is discretionary if it requires exercising
judgment and the law does not dictate performing the act with such precision
that nothing is left to discretion or judgment. Immunity is not waived in
premises defect suits based on discretionary acts. Design decisions are
considered discretionary acts.


A governmental entity's discretion in the design of roadways is protected
from liability by section 101.056(2) of the Tort Claims Act. The design of a
roadway drainage system is likewise a discretionary act. The decision
whether or not to put safety features such as barriers and guardrails in place
is also a discretionary decision.


4. Conclusion


The drainage box in question constituted part of the City's drainage system,
which in turn is part of the City's road system, the design of which constitutes
a discretionary act. As the design was a discretionary act, the City's
immunity has not been waived in this instance. The implementation of the
drainage cover was also a discretionary action on the part of the City. As
such, the City's immunity has also not been waived in this instance. (5)


 We agree with the City that our prior opinion rejected appellant's claim of "negligent
implementation" of the City's policy. We decline to depart from our prior holding.

 The City has also filed with this Court a "Motion to Dismiss and for Sanctions,"
arguing that this Court should sanction appellant and her attorneys in the amount of $3,500
"for the costs the City has had to incur in the continued litigation of this case after this
Court's mandate." (6) The City's motion contends that "[t]his is obviously a frivolous appeal"
that has "caused an unnecessary expense of tax dollars in the City's defense." The City
does not cite to any rule or other authority in support of its request for sanctions. We deny
the City's request for sanctions as inadequately briefed. (7)

III. Conclusion


 We affirm the trial court's order dismissing appellant's suit. We deny the City's
request for sanctions, and otherwise deny the City's motions to dismiss as moot. 

 

 _________________________

 LINDA REYNA YAÑEZ,

 Justice





Memorandum Opinion delivered and 

filed this the 31st day of July, 2008. 
1. See Tex. Civ. Prac. & Rem. Code Ann. § 101.056(2) (Vernon 2005) (providing that claims based
on the performance or nonperformance of an act left to the discretion of a governmental unit are exempted
from the waiver of immunity under the Tort Claims Act).
2. City of McAllen v. Hernandez, No. 13-04-182-CV, 2005 Tex. App. LEXIS 6786, at *19 (Tex.
App.-Corpus Christi Aug. 22, 2005, pet. denied) (mem. op.). 
3. See id. 
4. The reference is to James Tabor, then manager of the Streets and Drainage Department for the City
of McAllen.
5. Hernandez, 2005 Tex. App. LEXIS 6786 at **18-19 (emphasis added) (citations and footnotes
omitted).
6. The City also filed a second motion to dismiss, requesting dismissal and recovery of its costs. 
7. See Tex. R. App. P. 38.1(h).